FILED
98 NOV -3 AM 10: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

GUSS WILSON,
    Plaintiff;

-vs.-

BIBB COUNTY COMMISSION and
SHERIFF GEORGE FLEMING IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY,
    Defendants.

No. CV-96-P-1236-S

ENTERED

NOV 0 3 1998

## OPINION

Defendant Bibb County Commission and defendant George Fleming filed separate Motions for Summary Judgment that were taken under submission at this court's June 26, 1998 motion docket. For the reasons expressed herein, both motions are due to be granted.

### Facts[1]

The plaintiff, Guss Wilson, is a black male who was employed in the Bibb County Sheriff's Department as a part-time jailer beginning in November 1994. The Sheriff of Bibb County is responsible for the administration of the Sheriff's Department and the jail. In March 1995, Wilson was effectively terminated because of an alleged assault conviction on his criminal record. After Sheriff George Fleming looked into the matter and determined that Wilson was never convicted, Wilson was rehired as a full-time jailer. The March 30, 1995 letter informing Wilson of the full-time position explained that he would have a six month probationary period

---

[1] The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

during which he could be terminated at the Sheriff's discretion.

In June 1995, Kenneth Avery, a black male, was appointed to the position of Chief Jailer and directly supervised Wilson. On September 2, 1995 Wilson was terminated. According to the plaintiff, Avery told him that Sheriff Fleming ordered his termination after white sheriff deputies from Brent told Sheriff Fleming that Wilson had been drunk in public over the weekend at a football game and at a roadblock. Avery claims that Wilson's termination was also based on performance problems, including improper medication dispensing, illegible writing, unacceptable paperwork, tardiness, and messy attire. Avery also claims that other jailers told him they smelled alcohol on Wilson's breath at work. Sheriff Fleming, who says he approved Avery's recommendation of termination based on the performance problems, testified that Wilson's alleged conduct away from work played no role in the decision to terminate him.

Although two notes in Wilson's personnel file indicate that he was verbally reprimanded for incomplete paperwork and for his comments and actions during the arrest of an inmate, Wilson contends that he never received any individualized warning or reprimand about his performance, except for a request that he not use military time in his reports.

After his termination, Wilson timely filed his discrimination charge. On May 10, 1996 Wilson filed this action against the Bibb County Sheriff's Department and Sheriff Fleming, alleging claims under Title VII and 42 U.S.C. §§ 1981 & 1983 for race discrimination with respect to termination, wages/compensation, promotions, job assignments, and other terms, conditions, and privileges of employment. Wilson claims that the Sheriff's Department appoints black applicants to jailer positions but appoints white employees to the higher paying deputy positions. As evidence of discrimination with respect to promotions, Wilson points to the fact that

Stuart Deerman, a white jailer, became Assistant Chief Jailer but Wilson was never aware of or offered that position. Wilson claims that he helped to train Deerman and that his experience in the Navy made him more qualified for the position than Deerman.

In an order dated September 24, 1997, this court granted Sheriff Fleming's motion to dismiss the § 1981 and § 1983 damages claims against him in his official capacity. The court also dismissed the Title VII claims against Fleming. In light of the plaintiff's voluntary dismissal of the Bibb County Sheriff's Department, the court granted the plaintiff's motion to add the Bibb County Commission as a defendant. The remaining claims against Fleming are for prospective injunctive relief under §§ 1981 and 1983 and for relief against him in his individual capacity.. The plaintiff's claims against the Bibb County Commission all remain.

## Analysis

### 1. Defendant George Fleming

The plaintiff asserts claims under § 1981 and § 1983 against Fleming in his official and individual capacities. To survive a motion for summary judgment on the § 1981 claim, the plaintiff must demonstrate that Fleming intentionally discriminated against him.[2] To establish a prima facie case of discriminatory failure to promote, the plaintiff must prove that (1) he is a member of a protected class; (2) he was qualified for and applied for the promotion; (3) he did not receive the promotion; and (4) other equally or less qualified employees who were not

---

[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Courts apply the same burden-shifting analysis to § 1981 claims as they do to Title VII claims. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989).

3

members of the protected class were promoted.[3] To establish a prima facie case of discriminatory discharge, the plaintiff must show basically the same elements: protected status, qualification, discharge, and replacement by a non-minority.[4]

If the plaintiff can establish a prima facie case, the burden of production shifts to the defendant to articulate a legitimate nondiscriminatory reason for discharging or failing to promote the plaintiff.[5] When the defendant proffers a reason, the burden shifts back to the plaintiff to show that the reason is pretextual and that discrimination motivated the adverse employment action.[6]

In this case, the plaintiff may have difficulty establishing his prima facie case. He cannot show that a white person replaced him or that he applied for and was denied a promotion. However, even if the plaintiff could meet his burden of production, Fleming has offered legitimate nondiscriminatory reasons for his actions. He terminated the plaintiff based on Avery's recommendation and reports of performance problems. He made Deerman Assistant Chief Jailer based on his experience. Because the plaintiff was in the probationary period of his full-time position, he could be terminated for any reason or no reason, as long as it was not a discriminatory reason.

The plaintiff has failed to rebut the defendant's proffered reasons. Nothing in the evidence indicates that any racially discriminatory reason motivated these actions. Although the evidence

---

[3] *See Wu v. Thomas*, 847 F.2d 1480, 1483 (11th Cir. 1988), *cert. denied*, 490 U.S. 1006 (1989).

[4] *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir. 1995).

[5] *See McDonnell Douglas Corp.*, 411 U.S. at 802.

[6] *See id.* at 804.

does not reveal why Fleming did not offer the Assistant Chief Jailer position to the plaintiff, nothing points to race as a factor in that decision. The plaintiff has not shown that similarly situated white jailers with performance problems were treated differently. The facts that Fleming's Chief Jailer was black and that Fleming himself initiated the effort to clear the plaintiff's record weigh against a finding that Fleming intentionally discriminated against the plaintiff. Because the plaintiff has failed to establish pretext and intentional race discrimination, Fleming is entitled to summary judgment on the § 1981 claims.

The lack of evidence of discriminatory intent also bears on the plaintiff's § 1983 claim against Fleming. Whether or not Fleming is entitled to qualified immunity depends on whether he engaged in conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known.[7] Without the intent to discriminate, a government actor cannot violate or be aware that he is violating a plaintiff's equal protection rights.[8] Because the plaintiff has produced no evidence showing that Fleming intended to discriminate against him, the plaintiff's § 1983 claim cannot survive summary judgment. No reasonable person in Fleming's position could have known that his conduct violated the plaintiff's clearly established constitutional rights. Thus, Fleming's motion for summary judgment as to the § 1983 claims against him in his official and individual capacities is due to be granted.

---

[7] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[8] *See Mencer v. Hammonds*, 134 F.3d 1066, 1070 (11th Cir. 1998).

2. Defendant Bibb County Commission

The plaintiff asserts claims against the Bibb County Commission under Title VII, § 1981, and § 1983. For the same reason that summary judgment is due to be granted as to the § 1981 claim against Fleming, summary judgment is also due to be granted as to the § 1981 claim against the Bibb County Commission. Nothing in the evidence establishes the requisite discriminatory intent on the part of the Commission.

The plaintiff's Title VII claims warrant the same analysis. Although the Commission argues that it is not the plaintiff's employer for purposes of Title VII liability, the court need not address that question. The plaintiff has failed to produce evidence of an intent to discriminate on the basis of race. Thus, Title VII claims against an appropriate defendant could not survive summary judgment.

Because a municipality or similar governmental entity cannot be held liable under § 1983 on a respondent superior theory, the plaintiff must be able to point to a policy or custom of the Bibb County Commission that caused a violation of federal rights.[9] The plaintiff has not demonstrated that Bibb County Commission had such a policy or custom that caused him injury. Although the plaintiff alleges that black employees were prevented from becoming deputies, the plaintiff does not allege that he should have been hired as a deputy instead of a jailer. Rather, he claims that he should have been promoted or considered for the position of Assistant Chief Jailer. Because the plaintiff has not shown that the Commission established a policy or custom that injured him, summary judgment is due to be granted as to the § 1983 claim against the

---

[9] *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978).

6

Commission.

## Conclusion

Because the plaintiff has failed to produce evidence demonstrating discriminatory intent and a policy or custom that violated his rights, both motions for summary judgment are due to be granted.

Dated: November 2, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Daryl L. Masters
    Ms. Pamela Robinson Higgins
    Mr. Lee D. Winston